Affirmed and Memorandum Opinion filed March 10, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00034-CR

___________________

 

Juan Manuel Torres, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 272nd District Court

Brazos County,
Texas



Trial Court Cause No. 08-03025-CRF-272

 



 

 

MEMORANDUM OPINION

            Appellant Juan Manuel Torres was convicted on two
counts of aggravated sexual assault with a deadly weapon. Punishment was
assessed at forty-six years’ imprisonment. On appeal, he challenges the factual
sufficiency of the evidence and the propriety of the prosecutor’s closing
statement. We affirm.

FACTS

            The
complainant, a sixteen-year-old girl, testified that a masked man broke into
her home at night and held a knife to her throat. Her attacker told her to be
quiet and do as he instructed, or else her family would be harmed. According to
the complainant, he then raped her and forced her to perform oral sex.

            Police
were called to the home after the attacker fled the scene. When they arrived,
the complainant was found clutching three knives in her hands. She identified
the knife used by her attacker by its distinctive green handle.

            Police
quickly named appellant as a likely suspect in the assault. They apprehended
him after tracing his whereabouts to a nearby payphone. Appellant was taken to
the complainant’s house, where she recognized him as having the same scars as
her attacker. Without the mask, she further identified appellant as her
half-sister’s paternal uncle.

            The
complainant was taken to the hospital later that evening for a sexual assault
examination. Buccal and vaginal swabs were then tested for the presence of
foreign DNA. The vaginal swab tested positive for a two-person profile.
Appellant could not be excluded as the male donor in the collected sample. The
analyst who conducted the testing stated that the chances were one in 1.646
billion that an unrelated Hispanic male contributed the DNA.

Appellant’s DNA was not
recovered on the buccal swab. His fingerprints and DNA were similarly absent
from the green-handled knife.

At trial, appellant’s
defensive strategy was to attack the complainant’s credibility. During his
opening statement, defense counsel advised the jury to carefully observe the
complainant when she takes the stand. He anticipated that the tenor of her
testimony would be “histrionic,” adding further that she is “excessively
emotional and wants to be involved in a high drama.”

During the trial,
defense counsel made several references to the complainant’s interest in
television. He asked whether she frequently watched Lifetime Channel movies.
The complainant testified that she was reminded of one movie similar to the
facts of her own case where a rapist attacked a young girl “and they went to
trial like I am today, and he got to go free.” In his closing statement,
defense counsel suggested the complainant was fabricating her testimony in
emulation of the stories she watched on television. Defense counsel alleged
again that “this is a case of high drama, histrionics.”

In his closing
statement, the prosecutor commented on the manner in which the complainant
testified. He told the jury:

You have to imagine if any of you had to stand up in a room
full of strangers and talk about the last or most recent or some sexual event
in their life, let alone a rape that you first thought you were suffering at
the hands of a stranger, and then find out you were suffering at the hands of a
relative of yours; the last person who should have done that to you—even though
no one should. On top of all that, when she comes into a room full of
strangers, not only does she have to tell a room full of strangers about that—

Defense
counsel objected to the propriety of this statement, arguing that it encouraged
the jury to sympathize with the complainant for having to appear in court. The
objection was overruled.

            The
prosecutor continued:

Not only has she got to come in and tell a room full of
strangers about it, she has to talk about it, for the first time in over a year
and a half seeing this man again who did these vile, disgusting, horrible
things to her that night, in front of him. You saw not only what she said, but
you watched her body language here when she had to do that; when [the assistant
district attorney] had the defendant to stand up and show the scar.

Defense
counsel renewed his objection to this statement as being improper argument. The
objection was similarly overruled.

ISSUES PRESENTED

            In
his first issue, appellant contends the evidence is factually insufficient to
show that he used a deadly weapon. In his second issue, he contends the
evidence is factually insufficient to show that he forcibly made the
complainant perform oral sex. In his third issue, he contends the trial court
erred in overruling his objections to the prosecutor’s closing statement.

SUFFICIENCY OF THE EVIDENCE

            In
his first two issues, appellant argues that the evidence is factually
insufficient to show that he carried a deadly weapon and forced the complainant
to have oral sex. He contends that he never brandished a deadly weapon, noting
the absence of his fingerprints and DNA from the green-handled knife. He also
contends that he never had oral sex with the complainant, noting the absence of
his DNA from the buccal swab. In both issues, he wages several attacks to the
complainant’s credibility.

During the pendency of
this appeal, the Texas Court of Criminal Appeals decided that only one standard
should be used to evaluate the sufficiency of the evidence in a criminal case:
legal sufficiency. Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App.
2010) (plurality opinion). Accordingly, we review appellant’s first two issues
under the standard announced in Jackson v. Virginia, 433 U.S. 307
(1979), asking only whether the evidence against him was legally sufficient to
sustain a verdict beyond a reasonable doubt. See Pomier v. State, 326
S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.).   

            When
reviewing the legal sufficiency of the evidence, we examine all of the evidence
in the light most favorable to the verdict and determine whether a rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 433 U.S. 307, 319 (1979).
Although we consider everything presented at trial, we do not reevaluate the
weight and credibility of the evidence and substitute our judgment for that of the
fact finder. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007). Because the jury is the sole judge of the credibility of witnesses and
of the weight given to their testimony, any conflicts or inconsistencies in the
evidence are resolved in favor of the verdict. Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and
improperly admitted evidence. Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007). We also consider both direct and circumstantial
evidence, as well as any reasonable inferences that may be drawn from the
evidence. Id.

            A
conviction of aggravated sexual assault is supportable on the uncorroborated
testimony of the victim if she was seventeen years of age or younger at the
time of the offense. Tex. Code Crim. Proc. Ann. art. 38.07 (West 2010). In this
case, the complainant, who was sixteen at the time of the assault, testified
that appellant exhibited a deadly weapon and forced her to perform oral sex.
Viewing the evidence in the light most favorable to the verdict, we conclude a
rational juror could have found every element of aggravated sexual assault
beyond a reasonable doubt. Appellant’s first two issues are overruled.

STATE’S CLOSING STATEMENT

            In
his third issue, appellant argues that the trial court erred in overruling his
objection to the prosecutor’s closing statement.

            We
review a trial court’s ruling on objections to improper closing statements for
an abuse of discretion. York v. State, 258 S.W.3d 712, 717 (Tex. App.—Waco
2008, pet. ref’d). We analyze the closing statement in light of the entire record,
and not upon the argument’s isolated occurrence. DeLarue v. State, 102
S.W.3d 388, 405 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).

Proper closing
statements consist of arguments that (1) summarize the evidence;
(2) make reasonable deductions from the evidence; (3) respond to
arguments of opposing counsel; or (4) plead for law enforcement. Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Appellant argues that
the prosecutor’s statement was improper because rather than referring to the
substance of the complainant’s testimony, it encouraged the jury to convict him
simply because the complainant appeared in court. We disagree.

From the outset, appellant’s
defensive strategy was to attack the credibility of the complainant. Defense
counsel suggested in his opening statement that the complainant was prone to
exaggeration and histrionics. During the trial, defense counsel elicited
testimony regarding the complainant’s preferred television shows in an effort
to connect her accusations with fiction and high drama.

Viewing the statements in
the context of appellant’s defensive strategy, we cannot say that the
prosecutor exceeded the bounds of permissible jury argument. The prosecutor
referenced the complainant’s body language and willingness to testify not in an
effort to earn the jury’s sympathy, but in response to opposing counsel’s
suggestion that her testimony was not reliable. See Wylie v. State, 908
S.W.2d 307, 310 (Tex. App.—San Antonio 1995, pet. ref’d); Richards v. State,
912 S.W.2d 374, 379–80 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d); Smith
v. State, 842 S.W.2d 401, 406–07 (Tex. App.—Fort Worth 1992, pet. ref’d). Because
the prosecutor may respond to opposing counsel’s attack on a witness’s
credibility, the trial court did not err in overruling appellant’s objection.

Having found that the
trial court did not commit reversible error, we need not reach the merits of
appellant’s argument regarding harm. Appellant’s third issue is overruled.

CONCLUSION

            The
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).